# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2021

Lyle W. Cayce
Clerk

No. 20-20559
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ZEBADIAH JEROME COMB,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-575-6

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Zebadiah Jerome Comb, federal prisoner # 97622-079, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He also moves for the appointment of counsel.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20559

By moving to proceed IFP in this court, Comb challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

We review the denial of a motion for compassionate release for an abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

However, Comb's appellate brief does not challenge the district court's denial of his motion for compassionate release. Instead, Comb seeks to challenge the legality of his conviction and sentence for aiding and abetting a bank robbery for the fourth time. Comb has therefore waived review of the only issue properly before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2. The IFP motion is DENIED. *See Howard*, 707 F.2d 220-21. Comb's motion for appointment of counsel also is DENIED.

Comb is ORDERED to pay a sanction of $100 to the clerk of this court, and he is BARRED from filing in this court or any court subject to this court's jurisdiction a challenge to his conviction and sentence until the sanction is paid, unless he obtains leave of the court in which he seeks to file such challenge. Comb is once again WARNED that any repetitive or frivolous filings in this court or any court subject to this court's jurisdiction

No. 20-20559

may invite the imposition of further sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.