# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2021

Lyle W. Cayce
Clerk

No. 21-50131
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUBEN PATRICK VALDES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:02-CR-1326-1

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Ruben Patrick Valdes, federal prisoner # 33070-180, is serving a sentence of 327 months of imprisonment on his conviction of transporting aliens and conspiracy to do the same. He has moved to proceed in forma pauperis (IFP) to appeal the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

for reduction of sentence, requesting that he be granted compassionate release on account of "extraordinary and compelling reasons." Valdes argues that the district court abused its discretion because it failed to consider his arguments regarding the probation officer's error with respect to his criminal history, the Government's misconduct, and his significant postsentencing rehabilitation. He contends that these circumstances are sufficiently compelling and extraordinary to warrant a reduction in his sentence and release from imprisonment, and that the district court erred in finding that he would pose a danger to the community if released. We pretermit whether Valdes filed a timely notice of appeal. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

After noting that the commentary to U.S.S.G. § 1B1.13 was not dispositive, the district court stated that it nonetheless found it informative and that Valdes satisfied none of the criteria set forth therein. It next found that a sentence reduction would not be consistent with the 18 U.S.C. § 3553(a) sentencing factors because Valdes failed to establish that his release would not pose a danger to the community, citing the nature of Valdes's offenses, the fact that he committed the offenses while on parole for two state felony convictions, his history of prison disciplinary infractions, and the Bureau of Prison's determination that Valdes was at medium risk of reoffending following release.

Pursuant to the Federal Rules of Appellate Procedure, this court may entertain a motion to proceed IFP when the litigant has been denied leave to proceed IFP by the district court. Fed. R. App. P. 24(a)(5). To proceed IFP, the litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal presents nonfrivolous issues when it raises legal points that are arguable on the merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.

1983).  If an appeal is frivolous, this court may dismiss it sua sponte.  5TH CIR. R. 42.2.

This court reviews a district court's denial of a motion for a compassionate release sentence reduction under § 3582(c)(1)(A) for an abuse of discretion.  *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir), *cert. denied*, 141 S. Ct. 2688 (2021); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Chambliss*, 948 F.3d at 693 (internal quotation marks and citation omitted).  This court gives deference to a district court's evaluation of the § 3553(a) sentencing factors. *Id.*

While the district court discussed U.S.S.G. § 1B1.13 in its order, there is nothing in the record to indicate that it felt bound by this policy statement and its commentary.  Instead, the record shows that the district court's denial of relief was also based on its balancing of the § 3553(a) factors and that the district court did not abuse its discretion by denying the motion.  *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.  Valdes's arguments that amount to a disagreement with the district court's weighing of the § 3553(a) factors do not suffice to show error.  *See Chambliss*, 948 F.3d at 694.

Although Valdes asserts that he is a nonviolent offender, he ignores the fact that the conspiracy that he led and organized was responsible for the foreseeable deaths of two aliens, endangered the lives of several others, and was undertaken for financial profit.  The district court could properly weigh those circumstances and the others it cited against Valdes's postsentencing rehabilitation and achievements and the other factors that he propounded in support of his motion.  *See Chambliss*, 948 F.3d at 693-94.  Valdes otherwise fails to establish that the district court's denial of his motion was based on a

No. 21-50131

legal error or a clearly erroneous factual finding. *See Shkambi*, 993 F.3d at 393; *Chambliss*, 948 F.3d at 693. Thus, none of Valdes's various challenges to the district court's denial of his motion for compassionate release present "legal points arguable on their merits." *Howard*, 707 F.2d at 220.

Because Valdes's appeal does not present any nonfrivolous issues for this court's review, his motion to proceed IFP is DENIED and his appeal is DISMISSED AS FRIVOLOUS. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Valdes's motion for appointment of counsel also is DENIED.