**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided April 8, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2409

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-CR-009 |
| CLEMMIE L. CARTER, *Defendant-Appellant.* | William C. Griesbach, *Judge.* |

**O R D E R**

Clemmie Carter, a federal inmate who is being treated for HIV, sought compassionate release based on his heightened risk of contracting a severe case of COVID-19. The district court denied the motion after finding that no evidence supported Carter's argument that his condition made him particularly vulnerable to the virus. Because the judge did not abuse his discretion in denying the motion, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Carter is housed at the Federal Correctional Institution Beckley in West Virginia and has a projected release date in October 2023. He pleaded guilty in 2014 to bank robbery, 18 U.S.C. § 2113(a), (d); and brandishing a firearm, *id.* § 924(c)(1)(A)(ii); for which he received a 138-month sentence.

In May 2020 Carter moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Based on information from the Centers for Disease Control and Prevention, he argued that his HIV-positive status increased the risk of serious complications if he contracted COVID-19. He insisted that the Bureau of Prisons had responded poorly to controlling outbreaks of the virus and that social distancing in a prison environment was impossible. Carter also asked the judge to take into account his favorable post-sentencing conduct—a clean prison disciplinary record, successful coursework, and satisfactory job performance.

The judge denied the motion because Carter had not made a showing of "extraordinary and compelling reasons" for release under § 3582(c)(1)(A)(i). The judge explained that Carter was only 29 and that he presented no evidence that his HIV condition—which was being controlled with treatment—made him particularly vulnerable to the virus. Further, the prison reported no active COVID-19 cases.

On appeal Carter argues that the judge minimized the seriousness of HIV—a chronic condition that compromises the immune system. He highlights the commentary in application note 1 of § 1B1.13 of the Sentencing Guidelines, which defines "extraordinary and compelling reasons" to include defendants like himself who are "suffering from a serious … medical condition."

The judge acted within his discretion in denying relief. The judge acknowledged the chronic nature of Carter's condition but reasonably determined that it was not so severe to make him particularly vulnerable to the virus. As the judge explained, his condition was "regularly monitored" and "under control," and the prison had no reported COVID-19 cases. And as for Carter's reference to § 1B1.13, that guideline applies to motions brought by the Director of the Bureau of Prisons. Because Carter, rather than the Director, brought this motion, the guideline is not controlling. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

Lastly, to the extent Carter suggests that the judge erred by not weighing the sentencing factors set forth in 18 U.S.C. § 3553(a), he misapprehends the inquiry under

§ 3582(c)(1)(A)(i). As that provision states, a judge may reduce the sentence upon consideration of the § 3553(a) factors only "if [he] finds that … extraordinary and compelling reasons warrant such a reduction." *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Here, that condition precedent was not met.

AFFIRMED