# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2021

Lyle W. Cayce
Clerk

No. 21-60049

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BILAL HAMID LOVE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-50-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Bilal Hamid Love, federal prisoner # 20906-043, pleaded guilty to: importation of a controlled substance, in violation of 21 U.S.C. § 952; and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On 15 March 2019, he was sentenced to, *inter alia*, 168-months' imprisonment.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Love challenges the district court's denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release due to the COVID-19 pandemic. He asserts he is entitled to such release due to the extraordinary and compelling circumstances COVID-19 poses in a prison setting, including in the light of his health conditions (hypertension and being overweight).

A district court may reduce a defendant's sentence if, after considering any relevant § 3553(a) sentencing factors, it finds: "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i). Our court reviews the denial of a § 3582(c)(1)(A) motion for abuse of discretion, giving deference to the district court's application of the § 3553(a) sentencing factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (noting the district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case").

The court concluded Love was not entitled to compassionate release because: his health conditions did not create an extraordinary or compelling circumstance; and, in the alternative, the 18 U.S.C. § 3553(a) factors did not weigh in his favor.

Our court has held hypertension and other conditions that are "managed effectively by medication" and do not "substantially diminish the ability of the defendant to provide self-care", *see* U.S.S.G. § 1b1.13 cmt. n.1(a), are not extraordinary and compelling reasons warranting compassionate release, particularly for defendants like Love, who have not "already served the lion's share of their sentences". *See United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021) (denying compassionate release to "an otherwise healthy defendant with two, well-controlled, chronic medical conditions . . . who had completed less than half of his sentence").

In the alternative, the court determined that, even if there were extraordinary and compelling reasons warranting Love's release, he would be a danger to society and should not be released. The court relied on the

nature and circumstances of Love's offense and the need to protect the public from further crimes of defendant. *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(C).

In sum, Love has not established the court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the § 3553(a) factors weighed against a compassionate-release reduction. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.