# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2021

Lyle W. Cayce
Clerk

No. 20-60247
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONNELL DURANT COGDELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CR-106-4

Before SOUTHWICK, OLDHAM, and WILSON.

PER CURIAM:*

Donnell Durant Cogdell, federal prisoner # 16880-043, is serving a 138-month sentence for attempted possession with intent to distribute 500 grams or more of cocaine hydrochloride. He now appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60247

Cogdell contends that the district court had the power to reduce his sentence under the "catch-all" provision in the commentary to U.S.S.G. § 1B1.1 and that his presentence report ("PSR") improperly classified him as a career offender pursuant to U.S.S.G. § 4B1.1(a). Cogdell also asserts that the district court improperly classified his motion as arising under § 3582(c)(2) and may have relied on the incorrect standard in denying the motion.

As part of the First Step Act of 2018, § 3582(c)(1)(A)(i) allows a district court to modify a defendant's sentence if, after considering any relevant § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). We review the district court's denial of such a motion for abuse of discretion, giving deference to the district court's application of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Even if extraordinary and compelling reasons exist, "the decision whether to reduce a sentence is firmly committed to the district court's discretion." *United States v. Robinson*, 980 F.3d 454, 466 (5th Cir. 2020).

To the extent Cogdell argues that the district court erroneously considered his motion as a § 3582(c)(2) motion, his argument fails. The district court chose to use a template order applicable to § 3582(c)(2) motions and to analyze Cogdell's motion pursuant to that subsection. The district court explicitly stated, however, that it "t[ook] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)," as required by § 3582(c)(1)(A). The district court concluded that "[n]o provisions of the First Step Act would result in a change of the defendant's guideline range" and that Cogdell "did not cite any 'extraordinary or compelling' reasons for a reduction in his sentence." Cogdell's conclusory assertions that the court should have granted his

2

No. 20-60247

motion and that he should not have been sentenced as a career offender do not show that the court based its decision on a legal error or an erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 694. Therefore, Cogdell cannot show the district court abused its discretion by denying his motion for a sentence reduction. *See id.* at 693.

Cogdell raises a new argument in his reply brief, contending that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his release. We do not consider claims raised for the first time in reply briefs. *See Conway v. United States*, 647 F.3d 229, 237 n.8 (5th Cir. 2011). And regardless, mere "[f]ear of COVID doesn't automatically entitle a prisoner to release." *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832).

AFFIRMED.