# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2021

Lyle W. Cayce
Clerk

No.20-20427
CONSOLIDATED WITH
No. 20-20452
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHERYL REED JOHNSON,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-47-1
USDC No. 4:14-CR-575-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Cheryl Reed Johnson, federal prisoner # 61976-379, was convicted of six fraud-related charges and was sentenced to serve a total of 151 months in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20427
c/w No. 20-20452

prison and a three-year term of supervised release.  Now, she appeals the district court's denial of her 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release, arguing that the district court erred by declining to consider the 18 U.S.C. § 3553(a) sentencing factors and that her BMI, anemia, and asthma amount to extraordinary and compelling reasons justifying relief.

This court reviews a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A district court abuses its discretion when its decision is grounded in a legal error or clearly erroneous facts.  *Id.*  Johnson has not met this standard.

Because the district court properly relied upon § 3582(c)(1)(A)(i) in conducting its analysis and did not treat U.S.S.G. § 1B1.13 as binding, there is no legal error.  *See United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832).  Additionally, because it concluded there were no extraordinary and compelling reasons meriting relief, there was no need for it to consider the § 3553(a) factors.  *See* § 3582(c)(1)(A).  The record shows no clear error in connection with its findings that she had not established that she had conditions that put her at enhanced risk for complications from COVID-19.  Because Johnson has shown no abuse of discretion in connection with the district court's judgment, that judgment is AFFIRMED.