# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 21-10007
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES LEWIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-177-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

James Lewis, federal prisoner # 46457-177, has appealed the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court determined that Lewis had not shown that there were extraordinary or compelling reasons for compassionate

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10007

release. Moreover, release was inappropriate considering that Lewis had more than ten years remaining on his sentence and reducing the sentence to time-served would not account for the seriousness of the offense, promote respect for the law, or provide just punishment.

Lewis asserts that his medical conditions put him at risk of serious illness because of COVID-19, and he contends that the Bureau of Prisons cannot protect him and has failed to prevent transmission of the disease. He also asserts that the district court failed to consider that he would not be sentenced as a career offender under current law.

The district court did not abuse its discretion in determining that Lewis had not shown an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433-35 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832). Nor did it abuse its discretion in balancing the statutory sentencing factors. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). Lewis's contentions with respect to the career-offender enhancement were before the court and were implicitly rejected. The district court's order is AFFIRMED.

Lewis's motion to supplement the record on appeal is DENIED. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).