**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6015**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

NATHANIEL COLLETON, a/k/a Kiki,

                Defendant - Appellant.

**No. 21-6021**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

NATHANIEL COLLETON,

                Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:08-cr-00581-DCN-1; 2:09-cr-01084-DCN-1)

Submitted: December 9, 2021                Decided: January 3, 2022

Before MOTZ and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elaine Jenkins, ELAINE JENKINS LAW OFFICE, Johns Island, South Carolina, for Appellant. M. Rhett Dehart, Acting United States Attorney, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Colleton appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motions for compassionate release. Finding no reversible error, we affirm.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step of Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, if "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's ruling on motions for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021). A district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion," "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021) (internal quotation marks omitted).

A district court's decision whether to reduce a defendant's sentence under § 3582(c)(1)(A) generally entails three considerations. *Id.* at 185-86; *Kibble*, 992 F.3d at 329-32. First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. *High*, 997 F.3d at 185 (internal quotation marks omitted). District courts are entitled to "make their own independent determinations of what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A)" and are thus "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). Second, the court considers whether granting a sentence reduction is

3

"'consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *High*, 997 F.3d at 185-86 (quoting § 3582(c)(1)(A)). Although there are no applicable policy statements that govern a defendant's motion for compassionate release, the policy statement at U.S. Sentencing Guidelines Manual § 1B1.13—which applies to compassionate release motions filed by the Bureau of Prisons—"'remains helpful guidance even when motions are filed by defendants.'" *Id.* at 186 (quoting *McCoy*, 981 F.3d at 282 n.7). Third, the court must consider any applicable 18 U.S.C. § 3553(a) sentencing factors before deciding whether to exercise its discretion to reduce the defendant's sentence. *Id.*

Colleton argues that the district court abused its discretion in finding that the conditions of his confinement in prison as they pertained to COVID-19 did not qualify as extraordinary and compelling reasons for compassionate release. COVID-19 raises issues in the prison context that are "particularly serious – it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *Id.* at 185. District courts, however, enjoy broad discretion in deciding whether extraordinary and compelling circumstances justify a compassionate release sentence reduction, *McCoy*, 981 F.3d at 284; *Kibble*, 992 F.3d at 330, and "[i]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release [under § 3582(c)(1)(A)] when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility," *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). We agree with the district court's determination that Colleton failed to make the requisite showing. *See United*

4

*States v. Thompson*, 984 F.3d 431, 434-35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *Feiling*, 453 F. Supp. 3d at 841. We also find no merit to Colleton's contention that the district court ignored the conditions of his confinement in denying compassionate release.

Colleton also suggests that the district court erred in relying on USSG § 1B1.13, p.s., in its perfunctory consideration of the 18 U.S.C. § 3553(a) sentencing factors. We reject this argument as well. The district court explicitly recognized that this policy statement did not constrain its independent assessment of whether Colleton had established extraordinary and compelling reasons for compassionate release. Accordingly, in considering the guidance in application note 3 to this policy statement after recognizing its advisory nature, the district court committed no reversible error. *See High*, 997 F.3d at 186. Further, because Colleton did not make a showing meriting a finding that extraordinary and compelling reasons warranted a sentence reduction, any perfunctory consideration by the district court of the § 3553(a) factors did not amount to an abuse of discretion. *See id.* at 185-86.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5