# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 21-10354
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fabrizia Cavanna Sarmiento,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-288
USDC No. 3:16-CR-56-7

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Fabrizia Cavanna Sarmiento, federal prisoner # 58251-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of her motion for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10354

a compassionate release reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

We construe Cavanna Sarmiento's IFP motion as a challenge to the district court's certification that her appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Cavanna Sarmiento fails to show an arguable abuse of discretion in the denial of compassionate release. *See id.*; *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court weighed the 18 U.S.C. § 3553(a) factors and determined that those factors would not support her request for compassionate release. The district court based its decision on the violent nature of the underlying conspiracy to which she pleaded guilty, involving three armed robberies that were part of a transnational criminal enterprise, and the fact that she had served only about 41 percent of her 87-month sentence. *See United States v. Thompson*, 984 F.3d 431, 434-35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021); *see also Chambliss*, 948 F.3d at 694. Cavanna Sarmiento's mere disagreement with the court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

Accordingly, we DISMISS Cavanna Sarmiento's appeal as frivolous and DENY the motion to proceed IFP on appeal. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.