# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2022

Lyle W. Cayce
Clerk

No. 21-50936
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUDOLPH RIVAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:93-CR-52-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Rudolph Rivas, federal prisoner # 65077-080, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that his deteriorating health due to age and trauma caused by incarceration, the health risks posed by the COVID-19

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

pandemic, the length of prison time he has served, and his rehabilitation while incarcerated constitute extraordinary and compelling reasons warranting release.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Rivas's health conditions are unfortunately commonplace, and he makes no assertion that he is being denied treatment for the conditions. *See United States v. Thompson*, 984 F.3d 431, 433-34 (5th Cir. 2021). Additionally, Rivas has served less than half of his federal sentence and expressed only a generalized fear of contracting COVID-19 before the district court. *See id.* at 435. We do not consider whether harsh prison conditions during the pandemic, the need to care for his elderly mother, and his purported excessive sentence constitute extraordinary and compelling reasons warranting relief since they are raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Accordingly, Rivas has failed to show that the district court's finding that extraordinary and compelling reasons did not warrant compassionate release was based on a clearly erroneous assessment of the evidence or an error of law. *See Chambliss*, 948 F.3d at 693.

Moreover, the district court also denied Rivas's motion on the basis that a weighing of the 18 U.S.C. § 3553(a) sentencing factors did not warrant relief. *See* § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). Rivas's failure to challenge this determination on appeal further defeats his claim. *See Chambliss*, 948 F.3d at 693-94; *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The judgment of the district court is therefore AFFIRMED.