# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2022

Lyle W. Cayce
Clerk

No. 22-20006
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EARNEST GIBSON, IV,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-600-2

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Earnest Gibson, IV, federal prisoner # 24390-379, appeals the denial of his third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this statute, a district court may reduce a defendant's term of imprisonment if, after considering the factors set forth in § 3553(a),

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As he had already done in two prior motions, Gibson contended that the greater risk of hospitalization and death from COVID-19 caused by several of his underlying medical conditions, specifically obesity, diabetes, and hypertension, was an extraordinary and compelling reason warranting early release. Adopting the reasoning contained in its denial of Gibson's previous motion for compassionate release, the district court denied the motion.

We review the denial of a motion under § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Chambliss,* 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Here, the district court was within its discretion in determining that Gibson's medical conditions were not "extraordinary or compelling reasons" for reducing his sentence. As noted by the district court, large percentages of the population suffer from the same conditions as Gibson, making it difficult to say that his case is "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021) (holding that, because nearly half the population suffered from hypertension and approximately twelve percent suffered from high cholesterol, the district court abused its discretion in denying compassionate release to a defendant with those conditions).

Although some courts have, on occasion, granted compassionate release where the defendant demonstrated that they were at an increased risk of suffering severe illness should they contract COVID-19, they have "largely done so for defendants who had already served the lion's share of their

No. 22-20006

sentences." *Id* at 434. In contrast, Gibson has served less than fifty percent of his twenty-year sentence. Accordingly, Gibson has failed to show that the district court abused its discretion in denying his motion for compassionate release. The district court's order is AFFIRMED.