# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2022

Lyle W. Cayce
Clerk

No. 22-40083
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Sergio Eduardo Sanchez-Chavez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-172-12

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Sergio Eduardo Sanchez-Chavez, federal prisoner # 22948-078 and proceeding *pro se*, pleaded guilty to conspiracy to possess, with intent to manufacture and distribute, controlled substances. 21 U.S.C. §§ 841(b)(1)(A), 846. He was sentenced in 2016 to, *inter alia*, 262-months'

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment and five-years' supervised release. Sanchez challenges the denial of his motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release.

Sanchez contends his asthma, in combination with new COVID-19 variants and the conditions at the prison, constitute the requisite extraordinary and compelling reasons justifying early release. (For the first time on appeal, Sanchez asserts he was denied medical attention and his inhaler when he was previously infected with COVID-19. Because this issue and underlying facts were not before the district court, our court does not address this new issue. *United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021) (quoting *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.")).)

Denial of a compassionate-release motion is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence". *Id.* (citation omitted). A court may modify a defendant's sentence, after considering the applicable 18 U.S.C. § 3553(a) sentencing factors, if "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i).

The court found Sanchez' fear of reinfection was not an extraordinary and compelling reason for release because: his asthma was controlled; he had been vaccinated against COVID-19; reinfections of vaccinated individuals were rare; and, at the time of the order, Sanchez was housed at a facility with no active COVID-19 cases among inmates and only three cases among staff. This decision was not based on an error of law or a clearly erroneous

No. 22-40083

assessment of the evidence. *E.g.*, *Thompson*, 984 F.3d at 433–35 (noting defendant could "point to no case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with two, well-controlled, chronic medical conditions and who had completed less than half of his sentence").

AFFIRMED.