# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2022

Lyle W. Cayce
Clerk

No. 22-20164
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN ANTHONY TAYLOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-553-2

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

John Anthony Taylor, federal prisoner # 26788-034, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He argues that the district court abused its discretion in denying his motion by focusing on the seriousness of his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-20164

criminal offenses and by not fully considering the changes in the law on stacking sentences for 18 U.S.C. § 924(c) convictions under the First Step Act (FSA), his age and minimal risk of recidivism, his postconviction rehabilitation, and concerns regarding COVID-19.

A district court's decision to deny a motion for compassionate release is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We afford deference to the district court's assessment of the 18 U.S.C. § 3553(a) factors in compassionate release cases. *Id.*

For the first time on appeal, Taylor argues that the district court's legal reasoning was not consistent with the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). We will not consider this newly raised argument. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). In any event, Taylor's reliance on *Concepcion* is misplaced, as that decision concerned a motion for a sentence reduction under section 404 of the FSA. *See Concepcion*, 142 S. Ct. at 2404.

Taylor has failed to establish that the district court abused its discretion. *See Chambliss*, 948 F.3d at 683. The district court considered Taylor's arguments, including the sentencing changes for § 924(c) convictions, and denied the motion based on his violent actions underlying the instant convictions, his purposeful affliction of harm, and the lack of reflection on his violent actions. The district court also found that Taylor's generalized fear of contracting COVID-19 and his argument that older inmates needed COVID-19 resources more than him did not entitle him to a sentence reduction under the circumstances. Taylor's disagreement with the district court's balancing of the § 3553(a) factors is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694. Accordingly, the order of the district court is AFFIRMED.

No. 22-20164

Finally, to the extent Taylor asks this court to order his compassionate release, his motion is DENIED. He cites no authority under which this court may grant a § 3582(c)(1)(A) motion in the first instance, and we are aware of none.