# United States Court of Appeals for the Fifth Circuit

No. 22-10587
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Steven Aguilar,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-195-5

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Anthony Steven Aguilar, federal prisoner # 33985-177, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He first argues that he has shown extraordinary and compelling reasons that warrant compassionate release due to his health

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conditions, the COVID-19 pandemic, and sentencing disparities caused by post-sentencing changes in law.

Contrary to Aguilar's assertion, the record does not support his assertion that his health conditions, which are controlled by medication, are extraordinary or compelling reasons. *See United States v. Thompson*, 984 F.3d 431, 433-34 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). His complaints about COVID-19 amount to a generalized fear of contracting COVID-19, which "doesn't automatically entitle a prisoner to release." *Id*. at 435. Further, prior convictions were not used to enhance Aguilar's sentence and his challenge to the firearms enhancement does not implicate *Alleyne v. United States*, 570 U.S. 99 (2013) or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We do not consider Aguilar's challenge to the evidence used to apply the firearms enhancement, *see United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011), and he abandons any challenge to the district court's determination that his sentence would remain unchanged under the Fair Sentencing Act of 2014, *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Aguilar has failed to show that the district court's finding that extraordinary and compelling reasons did not warrant compassionate release was based on a clearly erroneous assessment of the evidence or an error of law. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Moreover, the district court also denied Aguilar's motion on the basis that a weighing of the 18 U.S.C. § 3553(a) factors did not warrant relief. Aguilar's contention that the danger he poses to society is diminished given his minor criminal history and post-sentencing rehabilitation amounts to a mere disagreement with the district court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694. The judgment of the district court is therefore AFFIRMED.