# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2023

Lyle W. Cayce
Clerk

No. 22-40573
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kerry Lynn Collier,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-42-4

———————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Kerry Lynn Collier, federal prisoner # 16347-078, was convicted of one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and was sentenced to 240 months of imprisonment, the mandatory minimum sentence after application of an enhancement under 21 U.S.C. § 851. In this appeal, Collier challenges the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He contends that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40573

a change in the sentencing laws, both individually and in conjunction with other factors, and a disparity between his and a codefendant's sentence are extraordinary and compelling circumstances warranting relief. Collier also challenges the district court's determination that relief was not warranted after consideration of the sentencing factors of 18 U.S.C. § 3553(a).

The denial of a motion for compassionate release is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when its decision is based on a legal error or a clearly erroneous assessment of the evidence. *Id.* at 693–94.

The parties agreed that, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220–21, if Collier were sentenced today, he would no longer be subject to the Section 851 enhancement and 240-month mandatory minimum sentence. In denying relief, the district court did not categorically refuse to consider this change in the sentencing laws, and we find no abuse of discretion in the district court's conclusion that the change in the sentencing laws under the extant facts was not an extraordinary and compelling circumstance warranting relief. Additionally, Collier's argument that the district court did not consider the change in the sentencing laws in conjunction with other circumstances he raised has no merit. Even if the district court did not expressly address Collier's argument, the issue was raised in Collier's compassionate release motion, and the district court stated that it considered the motion and a subsequent reply. *See Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Finally, we find that Collier has not shown any abuse of discretion in the district court's conclusion that any sentencing disparity between Collier and a codefendant was not an extraordinary or compelling circumstance.

Collier has also failed to show the district court abused its discretion in determining the Section 3553(a) factors did not warrant compassionate

2

release. *See Chambliss*, 948 F.3d at 693–94. In explaining its determination, the district court relied on Collier's troubled criminal history; the nature and circumstances of his offense of conviction; and the need to protect the public, afford adequate deterrence, provide just punishment, and promote respect for the law. Collier's challenge to the district court's balancing of the Section 3553(a) factors is not a sufficient ground for reversal. *See id.* at 694. He argues for the first time on appeal that changes in the sentencing laws are relevant to the balancing of various Section 3553(a) factors that favor his early release. That argument is raised too late. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

AFFIRMED.