# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2023

Lyle W. Cayce
Clerk

No. 22-40824
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Valdez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-800-1

_____

Before Jones, Smith, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Jesus Valdez was convicted of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and was sentenced to 262 months of imprisonment and five years of supervised release. He appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release.

Valdez maintains that (1) his medical records showed an extraordinary

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40824

and compelling reason for compassionate release; (2) even if he were to file a civil-rights lawsuit alleging that he was not receiving adequate medical care in prison, that would not resolve his current situation; (3) the district court abused its power by sending a United States Marshal to his mother's house several times while it considered his compassionate-release motion; and (4) the sentencing factors should be considered specifically in the context of a compassionate-release motion.

We review the denial of compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a sentence, after considering the applicable 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements." § 3582(c)(1)(A). Although not dispositive, the commentary to U.S.S.G. § 1B1.13 "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The district court did not abuse its discretion in determining that Valdez's health conditions were not "extraordinary and compelling reasons" to reduce his sentence under § 3582(c)(1)(A)(i). *See Chambliss*, 948 F.3d at 693–94. Nor did the court abuse its discretion in determining that the relevant § 3553(a) factors militated against a reduction based on Valdez's criminal history and the danger he posed to the public. *See id.* at 693.

AFFIRMED.