# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2023

Lyle W. Cayce
Clerk

No. 23-40172
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GUILLERMO CARDENAS-SANCHEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-908-1

Before WILLETT, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Guillermo Cardenas-Sanchez, federal prisoner # 31237-179, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Cardenas-Sanchez argues that the district court failed to provide sufficient reasons for denying a reduction to his 200-month sentence, which he received for his conviction for importing into the United States 500

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

grams or more of methamphetamine. He further argues that a sentence reduction was warranted given the amount of time he has served in prison, the hardships he has suffered while incarcerated due to COVID-19, post-sentencing rehabilitation, and the lack of danger he poses to the community.

The record reflects that the district court considered Cardenas-Sanchez's arguments when concluding that compassionate release was not warranted based on extraordinary and compelling circumstances. *See Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Cardenas-Sanchez's arguments amount to a generalized fear of contracting COVID-19, which "doesn't automatically entitle a prisoner to release." *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021). Although Cardenas-Sanchez asserts that he has spent many years in prison, approximately half of his 200-month sentence remains unserved. *See id.* at 434. Further, the district court was not required to grant Cardenas-Sanchez's motion on account of his rehabilitation efforts. *See Concepcion*, 142 S. Ct. at 2404-05; U.S.S.G. § 1B1.13, p.s., comment. (n.3). We do not consider Cardenas-Sanchez's newly raised argument that the district failed to honor his plea agreement, and he abandons his equal protection and time-credit arguments by failing to raise the claims on appeal before this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Cardenas-Sanchez has failed to show that the district court abused its discretion in denying his motion for compassionate release on the basis that extraordinary and compelling reasons did not warrant relief. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). As such, the district court was not required to conduct an 18 U.S.C. § 3553(a) analysis prior to denying Cardenas-Sanchez's motion. *See* § 3582(c)(1)(A)(i); *Thompson*, 984 F.3d at 433-35. Accordingly, the judgment of the district court is AFFIRMED.