# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2025

Lyle W. Cayce
Clerk

No. 24-30574
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodney Bolton,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-166-5

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Rodney Bolton, federal prisoner # 31086-034, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Renewing claims raised in the district court, Bolton argues that he has demonstrated extraordinary and compelling reasons for compassionate release because (i) he would receive a lower sentence if he was sentenced today due to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

non-retroactive changes in the law; and (ii) he satisfies the criteria under U.S.S.G. § 1B1.13(b)(6), p.s. (2023) for having an "unusually long sentence." He additionally contends that a sentence reduction is in order because he has been rehabilitated, the community is willing to accept him back into society, and he has a low risk of recidivism.

As a preliminary matter, we do not reach Bolton's argument that a sentence reduction is warranted insofar as there is a discrepancy between his life sentence and his codefendant's 310-month sentence because he raises that argument for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). Otherwise, to the extent that Bolton's arguments challenge the district court's assessment of the 18 U.S.C. § 3553(a) factors, they amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because the district court did not abuse its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider Bolton's arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 & n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

AFFIRMED.