# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-30240
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Bosley,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-33-1

————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Joshua Bosley, federal prisoner # 46806-510, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He contends that the district court erred by failing to consider whether he had identified an extraordinary and compelling reason for granting relief under U.S.S.G. § 1B1.13(b)(5), p.s. To the extent

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30240

we need consider his argument, raised for the first time on appeal, that the district court erred by denying him an opportunity to file a reply, *see, e.g.*, *United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021), Bosley does not identify any arguments that he would have raised in a reply or explain how the district court abused its discretion where the court set a deadline for filing a reply and waited more than two weeks after that deadline before denying relief. *See Klocke v. Watson*, 936 F.3d 240, 243 (5th Cir. 2019).

We review the denial of a compassionate release motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). We need not address whether Bosley has cited an extraordinary and compelling reason warranting compassionate release under § 1B1.13(b)(5), p.s., since he fails to show that the district court abused its discretion by denying relief based on the 18 U.S.C. § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

The district court determined that Bosley remained a danger to the public despite his chronic kidney disease given both his considerable criminal history and that he committed the crime of conviction while suffering from the disease. *See* 18 U.S.C. § 3553(a)(1) and (2)(C). Further, it concluded that a reduction would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or deter further criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). Although it did not expressly address Bosley's argument in favor of home-confinement, the court made clear that it had considered the parties' briefs before explaining at length why the § 3553(a) factors did not warrant granting relief, highlighting that it would be "unlikely that [Bosley] could afford the exorbitant costs of his condition" and that he had "not been compliant with medical providers' instructions."

The denial of § 3582(c)(1)(A)(i) relief is therefore AFFIRMED, and Bosley's motion for appointment of counsel is DENIED.