# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2022

Lyle W. Cayce
Clerk

No. 21-10945
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PHILLIP CAMILLO-AMISANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-177-1

Before DAVIS, JONES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Phillip Camillo-Amisano, federal prisoner # 42353-086, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that he has shown extraordinary and compelling reasons warranting compassionate release due to his hypertension, COVID-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

19, unconstitutional prison conditions during the pandemic, and what he describes as a "harsh sentence." We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Contrary to Camillo-Amisano's assertion, he has not served a large part of the 300-month sentence he received for his enticement of a minor conviction, and his health condition is not an extraordinary or compelling reason. *See United States v. Thompson*, 984 F.3d 431, 433-34 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). His complaints about COVID-19 amount to a generalized fear of contracting COVID-19, which "doesn't automatically entitle a prisoner to release." *Thompson*, 984 F.3d at 435. Furthermore, an appeal from the denial of a § 3582(c)(1)(A) motion is not the appropriate vehicle to challenge conditions of confinement or an original sentence. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). We do not consider Camillo-Amisano's newly raised ineffective assistance of counsel claim. *See Leverette v. Louisville Ladder Co.,* 183 F.3d 339, 342 (5th Cir. 1999). Camillo-Amisano has failed to show that the district court's finding that extraordinary and compelling reasons did not warrant compassionate release was based on a clearly erroneous assessment of the evidence or an error of law. *See Chambliss*, 948 F.3d at 693.

Moreover, the district court also denied Camillo-Amisano's motion on the basis that a weighing of the 18 U.S.C. § 3553(a) sentencing factors did not warrant relief. Camillo-Amisano's contention that the danger he poses to society is diminished given his lack of criminal history and deportation status, amounts to a mere disagreement with the district court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694. Accordingly, the judgment of the district court is AFFIRMED.