# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2021

Lyle W. Cayce
Clerk

No. 20-10546
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RENE GLORIA CRUZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-115-6

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Rene Gloria Cruz, federal prisoner # 42340-177, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On appeal, Cruz asserts that he has shown extraordinary and compelling reasons warranting compassionate release. He contends that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10546

he has a high risk of contracting and having complications from COVID-19 based on his medical conditions, namely asthma and hypertension, and that conditions at the facility where he is incarcerated further increase the risk of exposure and transmission. Cruz also contends that there is no evidence that he presents a danger to the community, and he points to numerous post-sentencing rehabilitation factors in support of his early release.

We review the district court's decision to deny a prisoner's motion for compassionate release for abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021) (reviewing a finding that no "extraordinary and compelling reasons" warranted release); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing a finding that the 18 U.S.C. § 3553(a) factors did not warrant release). The district court found that Cruz failed to show extraordinary and compelling reasons for release and that, even if Cruz's circumstances were extraordinary and compelling, it would not reduce Cruz's sentence because the § 3553(a) factors did not weigh in favor of release.

The district court judge—who also presided over Cruz's sentencing—was uniquely situated to apply and balance the § 3553(a) factors in considering whether compassionate release was warranted. *Id.* at 693. Cruz has not shown that the district court abused its discretion in determining that the § 3553(a) factors weighed against his release. *See Chambliss*, 948 F.3d at 693–94.

Accordingly, the district court's judgment is AFFIRMED.