# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 20-20634

United States of America,

*Plaintiff—Appellee*,

*versus*

Rafael Ramon Rodriguez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-94-15

Before Southwick, Haynes, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

I.

Petitioner Rafael Ramon Rodriguez seeks review of a district court order denying his motion for compassionate release. We AFFIRM the district court's decision to deny the motion for reconsideration.

II.

Rafael Ramon Rodriguez pleaded guilty to conspiring to possess with intent to distribute a controlled substance. The district

court sentenced Rodriguez to 168 months of imprisonment and three years of supervised release. Rodriguez's direct appeal was dismissed as frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Thereafter, on July 9, 2020, Rodriguez, proceeding pro se, filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) requesting compassionate release or release to home confinement. Rodriguez stated that he had not exhausted his administrative remedies and requested that the district court waive the exhaustion requirement. Rodriguez argued that extraordinary and compelling reasons warranted his release, including the COVID-19 pandemic, his untreated "heart failure with left ventricular hypertrophy" resulting in his heart functioning at only 15% of its capacity, and that inmates and staff at his facility have tested positive for the virus. Rodriguez also asserted that the 18 U.S.C. § 3553(a) factors supported his release, emphasizing that he is not violent and has no prior criminal history and that he is currently pursuing his GED. Finally, Rodriguez noted that he has served over three years of his sentence and contended that he has the full support of his family. The district court appointed counsel to represent Rodriguez in connection with his compassionate release motion.

The Government opposed Rodriguez's motion, asserting that he had not exhausted his administrative remedies and that he had not shown extraordinary and compelling reasons warranting release. In his counseled reply, Rodriguez submitted proof of exhaustion, argued the merits of his motion, and contended that he also suffered from hypertension and obesity. The Government filed a response to Rodriguez's reply in which it conceded that Rodriguez had exhausted his administrative remedies.

No. 20-20634

On November 24, 2020, the district court denied Rodriguez's motion. The district court rejected Rodriguez's contention that his health and the outbreak of the virus at his prison constituted extraordinary and compelling reasons. The court observed that a defendant could establish "a specific and imminent threat by showing an ongoing and severe outbreak at the prison," or by showing that "the prison prevents inmates from social distancing."

The district court determined that there had been only seven cases of COVID-19 at his facility and no deaths; the district court also noted that Rodriguez had failed to identify any practices within the facility that made transmission of the virus more likely. The district court concluded that "[w]ithout an ongoing outbreak or other practices preventing Rodriguez from social distancing, he has not shown that he faces a specific and imminent threat of infection." Finally, the court determined that Rodriguez had not shown extraordinary and compelling reasons supporting release because he was only 47 years old, his heart condition is not acute and his hypertension is managed by medication, and he had only served 35% of his sentence.

Rodriguez filed a timely notice of appeal, yet then also filed in the district court a motion for reconsideration of the order denying his motion for compassionate release.[1] The district court denied the motion for reconsideration, and briefing in this court was resumed.

---

[1] Simultaneously, Rodriguez filed in this court an unopposed motion to suspend briefing, or in the alternative, an extension to file his opening brief, pending the district court's ruling on his motion for reconsideration. This court granted the motion to suspend the briefing schedule.

### III.

A district court's decision to deny a prisoner's § 3582(c)(1)(A) motion is reviewed for abuse of discretion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). A district "court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

### IV.

There is little developed guidance on what constitutes extraordinary and compelling reasons for a sentence reduction because neither § 3582 nor the Guidelines fully define or limit those reasons. *See United States v. Shkambi*, 993 F.3d 388, 391-92 (5th Cir. 2021). The district court in this case first, in three paragraphs, laid out the relevant legal standard, before considering whether Rodriguez presented extraordinary and compelling circumstances that warranted release.

The district court then, in its analysis, explained that Rodriguez could be released if he faced a specific and imminent threat of infection to establish extraordinary and compelling circumstances warranting compassionate release. The district court concluded that Rodriguez had not satisfied this burden because his facility had only seven cases of COVID-19 and no deaths, protective measures implemented by the prison had apparently curbed the spread of the virus, and Rodriguez had failed to identify any of his facility's practices that made transmission of the virus more likely.

The district court's observation that Rodriguez might warrant relief with a showing of specific and imminent threat of infection is not

inconsistent with this court's pronouncement that a generalized fear of COVID-19 does not automatically entitle a prisoner to release. *See Thompson*, 984 F.3d at 435. Moreover, while our court has never explicitly articulated that a defendant *must* show a specific and imminent threat of infection as a prerequisite to showing extraordinary and compelling reasons, we have indicated that district courts should make an independent determination of extraordinary and compelling reasons supporting early release. *See Thompson*, 984 F.3d at 433; *see also United States v. Gonzalez*, 819 F. App'x 283, 284-85 (5th Cir. 2020) (holding that the district court's reference to § 1B1.13 could be read as one step in its own determination of whether extraordinary and compelling reasons warranted a sentence reduction). Cognizant that the preponderance of relevant law on this issue has emerged at the district court level, the district court cited more than half a dozen cases in which trial courts have engaged in analogous analysis. *See United States v. Ferguson,* No. 12-CR-600-4, 2020 WL 3632468, at *3 (S.D. Tex. July 3, 2020); *United States v. Gibson,* No. 12-CR-600-2, 2020 WL 2749759, at *3 (S.D. Tex. May 27, 2020); *United States v. Delgado,* No. 3:18-CR-17, 2020 WL 2464685, at *5 (D. Conn. Apr. 30, 2020); *United States v. Howard*, No. 4:15-CR-00018, 2020 WL 2200855, at *4 (E.D.N.C. May 6, 2020); *United States v. Barber*, No. 6:18-CR-00446, 2020 WL 2404679, at *4 (D. Or. May 12, 2020); *United States v. Foreman*, No. 3:19-CR-62, 2020 WL 2315908, at *4 (D. Conn. May 11, 2020); *United States v. Sawicz*, No. 08-CR-287, 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020); *United States v. Lacy*, No. 15-CR-30038, 2020 WL 2093363, at *2 (C.D. Ill. May 1, 2020).

In this case, Rodriguez suffers from hypertension and obesity, and his hypertension is apparently controlled through medication.

No. 20-20634

*Thompson*, 984 F.3d at 432-33 & n.1. Additionally, although Rodriguez suffered a heart attack in 2014, he has not experienced serious heart problems since then. Furthermore, Rodriguez has served less than half of his 168-month sentence. *Thompson*, 984 F.3d at 435. Relatedly, we noted in *Thompson* that the movant there could "point to no case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with two, well-controlled, chronic medical conditions and who had completed less than half of his sentence." *Id.* Accordingly, we hold that the district court did not abuse its discretion, factually or legally, by deciding the conditions at Rodriguez's prison and his medical conditions were insufficiently compelling and extraordinary to entitle him to relief.[2] *See Thompson*, 984 F.3d at 433-35.

## V.

For the foregoing reasons, we AFFIRM the district court's decision to deny Rodriguez's motion for compassionate release.

---

[2] The district court's denial of Rodriguez's reconsideration motion reiterated its earlier "reasons… weighing against Rodriguez's early release," adding only that Rodriguez "has recently recovered from COVID-19, with apparently few symptoms and no noted complications."