# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2022

Lyle W. Cayce
Clerk

No. 21-20393
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Enrique Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-558-4

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam:[*]

Luis Enrique Hernandez, federal prisoner # 76877-279, appeals the denials of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and his motion for reconsideration. We review those

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20393

denials for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In its detailed, seven-page order denying Hernandez' motion for compassionate release, the district court recognized that Hernandez—a Hispanic, 37-year-old inmate housed at FCI Terre Haute who has type I diabetes (including diabetic retinopathy) and hypertension—suffers from several comorbidities that place him at a greater risk of COVID-19. Nevertheless, the district court permissibly determined that Hernandez failed to cite extraordinary and compelling reasons for relief because: (1) he already recovered from COVID-19 without serious problems; (2) his risk of COVID-19 reinfection was low because there were currently no active cases at Terre Haute and most of the staffers and inmates were vaccinated; and (3) he was receiving adequate medical treatment for his health conditions, including his diabetic retinopathy. *See* § 3582(c)(1)(A)(i); *United States v. Rodriguez*, 27 F.4th 1097, 1099–1101 & n.2 (5th Cir. 2022) (affirming denials of a § 3582(c)(1)(A)(i) motion and a motion for reconsideration where prison implemented COVID-19 controlling measures and movant recovered from prior COVID-19 infection without major illness). Hernandez claims that the district erred in denying his motions. We disagree.

Hernandez baldly asserts that the district court failed to consider unspecified arguments regarding the dangers of reinfection for vaccinated individuals. But he may not incorporate such arguments in his brief by mere reference. *See United States v. Abdo*, 733 F.3d 562, 568 (5th Cir. 2013); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that even pro se prisoners must brief arguments to preserve them and that arguments not briefed on appeal are deemed abandoned).

He also contends that per *United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021), the district court should

No. 21-20393

have granted him relief because he had already served approximately 75 percent of his 14-year sentence. *Thompson*, however, did not hold that "non-extraordinary" health concerns may serve as the basis for § 3582(c)(1)(A)(i) relief simply because the movant served most of his sentence. *See id.* at 435 (discussing "multiple, severe, health concerns"). Likewise, although the *Rodriguez* Court based its affirmance, in part, on the fact that the movant had served less than half of his sentence, nothing in the opinion suggests that this fact, alone, was dispositive. *See Rodriguez*, 27 F.4th at 1100.

Hernandez asserts next that the district court did not sufficiently consider all his arguments. Although the district court did not expressly address every argument, its lengthy discussion of the facts and its reasons for denying his release demonstrates that it had a "reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Further, the district court was not required to conduct an analysis of the 18 U.S.C. § 3553(a) factors since his failure to identify extraordinary and compelling reasons was a sufficient ground to deny relief. *See* § 3582(c)(1)(A)(i); *Rodriguez*, 27 F.4th at 1100–01; *Thompson*, 984 F.3d at 433–35.

Finally, while Hernandez asserts that the district court's summary denial of his motion for reconsideration frustrated appellate review, he again failed to adequately brief the issues. *See* § 3582(c)(1)(A)(i); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); *Yohey*, 985 F.2d at 224–25.

AFFIRMED.