# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2022

Lyle W. Cayce
Clerk

No. 21-30593
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRANCE HILTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-102-1

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Terrance Hilton, federal prisoner # 09034-095, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. The district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30593

determined that Hilton failed to show extraordinary and compelling reasons warranting relief. *See* § 3582(c)(1)(A)(i).

The district court rested its decision on the facts that Hilton suffered only from health conditions that did not make him more susceptible to serious COVID-19 infection, had been vaccinated, and was housed in a facility with only one active COVID-19 case. *See United States v. Rodriguez*, 27 F.4th 1097, 1100-01 & n.2 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433-35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Although Hilton asserts that the district court erred by failing to look beyond U.S.S.G. § 1B1.13 in determining what constitutes extraordinary and compelling reasons, the district court recognized that § 1B1.13 was not binding. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). The court nevertheless permissibly considered § 1B1.13 as part of its analysis. *See Thompson*, 984 F.3d at 433. In any event, while Hilton baldly asserts that the district court erred by failing to consider a vague claim regarding his arresting officer, he does not adequately brief the issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

Hilton fails to identify a nonfrivolous argument for appeal. Therefore, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.