# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 21-40887
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MATTHEW SELLS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CR-139-1

Before CLEMENT, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Matthew Sells, federal prisoner # 28879-078, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40887

To proceed IFP, the litigant must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Sells's arguments are not frivolous and he qualifies financially, we GRANT his motion to proceed IFP. *See* 28 U.S.C. § 1915(a)(1); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). However, we dispense with further briefing because although his arguments are not frivolous, the record shows that there was no abuse of discretion. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

A district court may modify a defendant's sentence, after considering the applicable 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

While Sells asserts that he is at a heightened risk of severe illness from COVID-19 because he suffers from asthma, diabetes, and hypertension, these conditions, when coupled with the fact that his medical conditions are well managed with medication and monitoring, are not extraordinary and compelling reasons warranting a reduced sentence. *See United States v. Rodriguez*, 27 F.4th 1097, 1100-01 (5th Cir. 2022). Moreover, even if he demonstrated extraordinary and compelling reasons in support of a reduced sentence, the district court properly considered the relevant § 3553(a) factors. *See Chambliss*, 948 F.3d at 693.

Based on the foregoing, we AFFIRM the district court's decision denying the motion for compassionate release.