# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-40258
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregg Robert Luedde,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-152-1

───────────

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Gregg Robert Luedde, federal prisoner # 22686-078, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40258

The district court did not abuse its discretion by considering Luedde's disciplinary record, the accuracy of which record Luedde does not challenge. *See id.* Although he contends that the district court erred by failing to consider that he is more susceptible to severe COVID-19 illness because he is overweight, Luedde did not raise such an argument in the district court, and we decline to consider it. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Likewise, we do not consider his assertion that he suffers from coronary artery disease; although he referenced coronary arterial calcification in the district court, he contended that the condition related to scarring in his lungs. *See id.*; *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (holding that defendant inadequately briefs issue when he merely alludes to it and fails to press it).

Luedde fails to show that the district court abused its discretion by concluding that his so-called "long COVID" and its attendant symptoms did not constitute extraordinary and compelling reasons for relief; as the court correctly found, these conditions were sufficiently treated by medical professionals, and the facility where he was housed had no active COVID-19 cases. *See United States v. Rodriguez*, 27 F.4th 1097, 1100-01 & n.2 (5th Cir. 2022) (affirming denials of § 3582(c)(1)(A)(i) motion and motion for reconsideration for lack of extraordinary and compelling reasons, despite that movant suffered from obesity, a heart condition, and hypertension, because prison had implemented measures controlling COVID-19 outbreaks such that no specific or imminent threat of infection existed); *Thompson*, 984 F.3d at 433-35 (affirming denial of § 3582(c)(1)(A)(i) motion based on lack of extraordinary and compelling reasons, despite movant's fear of COVID-19, when movant's hypertension and high cholesterol were effectively managed by medications and movant suffered no lingering effects from past stroke).

No. 21-40258

Accordingly, the motions for appointment of counsel and compassionate release are DENIED, and the order of the district court is AFFIRMED.