# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2022

Lyle W. Cayce
Clerk

No. 21-40893
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONALD TARNAWA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-144-1

Before SOUTHWICK, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Donald J. Tarnawa, federal prisoner #32152-013, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court denied the motion based upon Tarnawa's failure to show that extraordinary and compelling reasons warranted relief. We review that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court permissibly denied relief based on the conclusion that Tarnawa's medical conditions, which included hypertension, high cholesterol, and obesity, were not severe but commonplace and thus did not constitute extraordinary and compelling reasons warranting release, particularly as he was vaccinated against COVID-19 and there was only one active case of COVID-19 among inmates where he was housed. *See United States v. Rodriguez*, 27 F.4th 1097, 1100-01 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433-35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Tarnawa points to no authority in support of his argument that the district court's decision was error, and he likewise points to nothing in his medical records indicating that his medical conditions are not well controlled or subject him to any heightened risk from COVID-19. His complaints about possible infection from COVID-19 variants amount to a generalized fear of contracting COVID-19, which "doesn't automatically entitle a prisoner to release." *Thompson*, 984 F.3d at 435.

To the extent that Tarnawa asserts that the district court failed to consider his post-sentencing rehabilitation or the severity of his sentence, the record belies the argument. To the extent that he attempts to challenge the correctness of the original sentence imposed, the argument is not properly raised on appeal from the denial of his § 3582(c)(1)(A) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *see also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

Tarnawa has failed to demonstrate an abuse of discretion on the district court's part. *See Chambliss*, 948 F.3d at 693. Accordingly, the district court's denial of his motion for compassionate release is AFFIRMED. Tarnawa's motion to remand is DENIED.