# United States Court of Appeals for the Fifth Circuit

No. 21-60865
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Lawrence,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-149-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Kevin Lawrence, federal prisoner # 07291-043, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He contends that he had several risk factors identified by the Centers for Disease Control and Prevention (CDC) that heightened the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60865

possibility that he would experience a severe case of COVID-19, including hypertension, prediabetes, obesity, and prolonged corticosteroid use that rendered him immunocompromised. Further, Lawrence argues that the Bureau of Prisons (BOP) and district court violated the Eighth Amendment by demonstrating deliberate indifference to his serious medical needs. He also requests appointment of counsel for oral argument purposes.

We review a district court's denial of a motion for a sentence reduction under § 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). A district court may modify a defendant's sentence if, after considering any relevant 18 U.S.C. § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A).

Here, the district court found no extraordinary and compelling reasons despite Lawrence's medical history and concerns regarding COVID-19. This decision was not based on an error of law or a clearly erroneous assessment of the evidence. *See United States v. Rodriguez*, 27 F.4th 1097, 1100-01 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433-35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). As for Lawrence's Eighth Amendment arguments, claims regarding prison conditions are not properly part of this compassionate release appeal; accordingly, we dismiss them without prejudice.

Accordingly, the judgment of the district court is AFFIRMED, and Lawrence's request for appointment of counsel is DENIED.