# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-40672
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Flavio Tamez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-418-1

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Defendant-Appellant Flavio Tamez, federal prisoner # 14812-379, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Tamez focuses a majority of his brief on challenging the district court's holding that COVID-19, family and community circumstances, rehabilitative efforts, and changing attitudes

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

toward marijuana did not amount to extraordinary and compelling reasons warranting early release. Employing liberal construction, Tamez also asserts that the district court abused its discretion in denying his motion based on a balancing of the 18 U.S.C. § 3553(a) sentencing factors, given that court's "misstatement[s]" that he was involved in a conspiracy between 2003 and 2012, as well as that court's failure to consider good-time credits when concluding that he had served less than half of his 262-month sentence.

We review the district court's denial of a compassionate release motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Tamez's assertions are incorrect because Tamez pleaded guilty to a superseding indictment charging him with a conspiracy that existed between 2003 and 2012. Also, the district court correctly used the actual sentence imposed when determining that Tamez had served 123 months (47%) of his 262-month sentence. *See United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022). The district court was also aware of Tamez's good-time credits and explicitly noted them. Tamez may disagree with the way that the district court balanced the § 3553(a) factors, but his disagreement does not provide sufficient grounds for reversal. *See Chambliss*, 948 F.3d at 694. Those are the reasons that we do not consider Tamez's reasons for challenging the district court's conclusion that he failed to show extraordinary and compelling reasons warranting relief. *See Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021).

The judgment of the district court is AFFIRMED.