# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2023

Lyle W. Cayce
Clerk

No. 22-60060
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OLADIMEJI SEUN AYELOTAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-33-1

Before RICHMAN, *Chief Judge*, and STEWART and WILLETT, *Circuit Judges*.

PER CURIAM:*

Oladimeji Seun Ayelotan, federal prisoner # 18371-043, has appealed the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We review the decision for an abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60060

Ayelotan asserts that the district court wrongly found that the threat of COVID-19 is not an extraordinary and compelling reason for granting his motion for compassionate release. However, his general fear of contracting COVID-19, including his apprehension about new variants and the efficacy of vaccines, does not automatically entitle him to release. *See United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). He has not shown that he is at increased or specific risk of being infected with COVID-19, is unable to guard properly against infection while incarcerated, or has any underlying health issues that may merit compassionate release in light of the spread of COVID-19. *See Rodriguez*, 27 F.4th at 1100; *Thompson*, 984 F.3d at 433-35. The district court independently evaluated whether Ayelotan raised extraordinary and compelling reasons supporting his early release, and he has failed to show that the district court abused its discretion, factually or legally, by finding that the threat of COVID-19 did not warrant relief. *See Rodriguez*, 27 F.4th at 1100-01; *Thompson*, 984 F.3d at 433-35.

He further argues that the district court erred in its alternative and independent finding that the 18 U.S.C. § 3553(a) sentencing factors and his specific circumstances did not warrant relief. He alleges that his sentence is excessive because it is no longer necessary to protect the public from further crimes by him, the district court incorrectly found that his sentence did not cause unwarranted sentencing disparities, and the district court did not properly consider his rehabilitation and other factors that indicated that he would not commit another offense if he were released early. Also, Ayelotan generally contends that the § 3553(a) factors support an early release.

The record supports that the district court judge, who also presided over Ayelotan's trial and sentencing hearing, reviewed the parties' evidence and arguments and determined that particular § 3553(a) sentencing factors—including, inter alia, the nature and circumstances of the offenses, the history

2

No. 22-60060

of Ayelotan, and the need for the sentence to reflect the seriousness of the crimes, afford adequate deterrence, and protect the public—weighed against granting relief. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965, 1967 (2018). The district court found that the sentence imposed accounted for the § 3553(a) factors and particularly concluded that there were no unwarranted sentence disparities. We must defer to the district court's consideration of the § 3553(a) factors, and Ayelotan's disagreement with the district court's balancing of the factors does not establish an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Finally, Ayelotan contends that the district court wrongly denied his motion based on his supposed dangerousness to the community. He asserts that this factor is set forth in U.S.S.G. § 1B1.13, p.s., which is not determinative of the criteria for relief under § 3582(c)(1)(A). The record belies his assertion. The district court did not apply § 1B1.13 and evaluate whether Ayelotan was a danger to the safety of another person or the community in deciding whether his motion should be granted. Instead, the district court determined whether an early release would comply with the § 3553(a) factors, including, inter alia, the need for the sentence imposed to protect the public from further crimes by him. *See* § 3553(a)(2)(C); *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

Accordingly, the judgment of the district court is AFFIRMED.