# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50917
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2023

Lyle W. Cayce
Clerk

United States of America,

　　　　　　　　　　　　　　　　　*Plaintiff—Appellee*,

*versus*

Stacey Anderson,

　　　　　　　　　　　　　　　　　*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-320-1

---

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

　　Stacey Anderson, federal prisoner # 06541-031, appeals from the denial of her 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Anderson contends that she is entitled to relief because (i) she suffers from debilitating medical issues; (ii) her prison is under investigation for altering medical records; (iii) her prison is providing inadequate medical

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50917

care; (iv) other prisoners with much more egregious criminal histories and/or crimes and much less serious medical conditions have been released early; and (v) her prison conditions are generally harsh.

We review the denial of Anderson's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Anderson fails to show error in the district court's finding that she is actively being treated for her medical conditions and that they are being managed at the prison. Additionally, Anderson fails to show error in the district court's findings that the risk she faces from COVID-19, even given her other medical conditions, does not amount to an extraordinary and compelling reason. *See United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Because Anderson fails to demonstrate that the district court abused its discretion in denying her motion for compassionate release based on its finding that she failed to establish extraordinary and compelling circumstances, we do not reach her argument that the 18 U.S.C. § 3553(a) factors warranted relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. Further, because she does not brief any challenge to the district court's dismissal of her motions for a new judge and any argument concerning the calculation of her good-time credits, those issues are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's decision is AFFIRMED.