# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-51101
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2023

Lyle W. Cayce
Clerk

United States of America,

      *Plaintiff—Appellee*,

*versus*

Charles Samson,

      *Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-86-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

    Charles Samson, federal prisoner # 27347-180, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Samson contends that the district court erred in denying his motion because he demonstrated that the following extraordinary and compelling circumstances justified compassionate release: (i) nonretroactive changes to the sentencing laws would result in a lower sentence if he were sentenced

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51101

today, and (ii) he was diagnosed with Hepatitis-C and suffers from skin lesions, which increase his susceptibility of contracting severe COVID-19. We do not reach Samson's argument that purported flaws in the Guidelines for methamphetamine-related convictions, taken alongside the rule of lenity, constitute an extraordinary and compelling circumstance, because it is raised for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We review the denial of Samson's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Samson has failed to demonstrate that nonretroactive changes to the sentencing laws constitute an extraordinary and compelling circumstance insofar as he cannot show that any changes in the law would be applicable to him. Additionally, his Hepatitis-C diagnosis was resolved in March 2020, he receives treatment for the skin lesions, and he has received multiple doses of the COVID-19 vaccine. His generalized fear of contracting COVID-19, in light of the resolution of his Hepatitis-C diagnosis, management of other conditions, and vaccination status, does not constitute an extraordinary or compelling circumstance justifying compassionate release. *See Thompson*, 984 F.3d at 435; *see United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022).

Because Samson fails to demonstrate that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances, we do not reach his argument that the 18 U.S.C. § 3553(a) factors justified relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED.