# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

————————

No. 23-30278
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeffrey Scott Holder,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-332-3

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jeffrey Scott Holder, federal prisoner # 20875-035, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Holder argues that the district court abused its discretion in determining that the facts of his case did not constitute extraordinary and compelling reasons warranting relief. He further contends that his postsentencing rehabilitation

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

weighed in favor of a sentencing reduction under the 18 U.S.C. § 3553(a) factors.

The record reflects that the district court considered Holder's arguments when concluding that compassionate release was not warranted based on extraordinary and compelling circumstances. *See Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Before this court, Holder fails to identify any medical conditions and, although he contends that he suffers from an anxiety disorder, he makes no assertion that his ability to care for himself while incarcerated is substantially impaired. *See United States v. Thompson*, 984 F.3d 431, 433-34 (5th Cir. 2021). Further, the district court properly considered Holder's prior recovery from COVID-19 and vaccination status when determining that extraordinary and compelling circumstances did not exist. *See United States v. Rodriguez*, 27 F.4th 1097, 1099-1101 & n.2 (5th Cir. 2022). Lastly, the district court was not required to grant Holder's motion on account of his rehabilitation efforts and, he fails to offer any evidence demonstrating that there is no other family member available to assist in caring for his daughter. *See Concepcion*, 142 S. Ct. at 2404-05; U.S.S.G. § 1B1.13, p.s., comment. (n.3).

Holder has failed to show that the district court abused its discretion in denying his motion for compassionate release on the basis that extraordinary and compelling reasons did not warrant relief. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Similarly, Holder fails to show that the district court abused its discretion in denying his motion based on a balancing of the § 3553(a) factors. His argument that his rehabilitation efforts weighed in favor of a reduction amounts to a mere disagreement with the district court's balancing of the § 3553(a) factors. *See id*. at 694. Accordingly, the judgment of the district court is AFFIRMED.