# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60382
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 18, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERIBERTO RODRIGUEZ-FLORES,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CR-21-1

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Heriberto Rodriguez-Flores, federal prisoner # 07518-043, appeals from the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argues (1) the district court abused its discretion in finding his cancer did not qualify as a terminal illness because it was in remission; (2) the district court abused its discretion in finding his other

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

No. 23-60382

serious health conditions, including diabetes, high blood pressure, and obesity, did not constitute extraordinary and compelling reasons for his release because they were being actively treated; (3) the district court abused its discretion in finding the threat of contracting COVID-19 was extremely low as it is still a serious problem in the prison population; (4) his rehabilitation, along with his health problems, warrants his compassionate release; and (5) he has served over 17 years in prison, which constitutes over 65 percent of his sentence.

We review the denial of Rodriguez-Flores's Section 3582(c)(1)(A)(i) motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Rodriguez-Flores has not shown any error in the district court's finding that his cancer is in remission and that he is actively being treated for his other medical conditions. In addition, he has shown no error in the district court's determination that the risk he faces from COVID-19, even given his other medical conditions, does not amount to an extraordinary and compelling reason for compassionate release. *See United States v. Rodriguez*, 27 F.4th 1097, 1100–01 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 433, 435 (5th Cir. 2021). He has also failed to demonstrate that the district court erred in considering the current COVID-19 conditions or his vaccination status when determining that extraordinary and compelling circumstances do not exist. *See Rodriguez*, 27 F.4th at 1099–101 & n.2. Further, the district court was not required to grant Rodriguez-Flores's motion based on his rehabilitation efforts or his length of imprisonment. *See Concepcion v. United States*, 597 U.S. 481, 502 (2022).

Rodriguez-Flores failed to support that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances. Accordingly, we do not reach his argument that the 18 U.S.C.

2

No. 23-60382

§ 3553(a) factors warranted relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *see also Thompson*, 984 F.3d at 433–35.

AFFIRMED.