# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-50418
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Martinez,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-360-7

—————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Michael Martinez, federal prisoner # 80113-280, appeals from the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We review the denial of the motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50418

A district court has discretion to modify a term of imprisonment if it finds that extraordinary and compelling reasons merit a sentence reduction, a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and a reduction justified by the discretionary 18 U.S.C. § 3553(a) factors. *See* § 3582(c)(1)(A)(i); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Congress did not define "extraordinary and compelling reasons" and instead delegated the authority to the Sentencing Commission to promulgate policy statements describing extraordinary and compelling reasons. *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). At the time of the instant motion, the commentary to the Commission's policy statement set forth four categories of extraordinary and compelling reasons: (A) the defendant's medical conditions; (B) the defendant's age; (C) family circumstances; and (D) other reasons. U.S.S.G. § 1B1.13, p.s., comment. (n.1) (2021). That policy statement applied only to motions filed by the Bureau of Prisons and was not binding on the district court, *Shkambi*, 993 F.3d at 392-93, but the policy statement could inform the analysis as to the reasons that may be sufficiently extraordinary and compelling to warrant compassionate release, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Martinez has not shown that he has an illness, medical condition, or family circumstances that constitute extraordinary and compelling reasons for release. *See id.*; § 1B1.13, p.s., comment. (n.1(B)-(D)) (2021); *see also Thompson*, 984 F.3d at 433-34. Moreover, his apprehensions about COVID-19 do not justify relief. *See United States v. Rodriguez*, 27 F.4th 1097, 1100-01 (5th Cir. 2022). Even if Martinez were reformed, his rehabilitation efforts alone are not an extraordinary and compelling reason for release. *See* § 1B1.13, comment. (n.3) (2021); 28 U.S.C. § 994(t); *see also Concepcion v. United States*, 597 U.S. 481, 502 (2022).

As for nonretroactive changes to criminal law pursuant to the First Step Act of 2018, although our circuit has not authoritatively decided this issue, we concluded in an unpublished opinion that such a non-retroactive change cannot warrant a reduced sentence pursuant to § 3582(c)(1)(A)(i). *See United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023).  In light of *McMaryion*, we cannot say that the district court abused its discretion here.

We note that after the denial of Martinez's motion for compassionate release, the Sentencing Commission amended the policy statement to provide that district courts "may" consider changes in law as part of the "extraordinary and compelling" reasons analysis, but "only" after "full[y] consider[ing]" the prisoner's "individualized circumstances."  U.S.S.G. § 1B1.13(b)(6)(a) (2023).  We express no view on whether Martinez may file an additional motion based on the amended policy statement and his individualized circumstances.  *See, e.g.*, *United States v. Bethea*, 54 F.4th 826, 833 n.2 (4th Cir. 2022) (noting "that § 3582(c) does not prevent prisoners from filing successive motions").  And, of course, we express no view on whether any such motion should be granted.

The district court properly considered the relevant § 3553(a) factors and explicitly found that the nature and circumstances of Martinez's offense and his history and characteristics did not support a sentence reduction and that a reduced sentence would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public.  Because the district court did not rely on an impermissible sentencing factor and did not fail to consider a relevant factor, we cannot say that the district court abused its discretion in this case. *See Chambliss*, 948 F.3d at 693.

AFFIRMED.