# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60568
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOE CRAWFORD,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:18-CR-104-1

---

Before ELROD, *Chief Judge*, and SMITH, and STEWART, *Circuit Judges*.
PER CURIAM:[*]

Joe Crawford, federal prisoner # 18557-042, appeals from the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We review the denial of the motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60568

On appeal, Crawford argues that the district court wrongly decided that he did not demonstrate extraordinary and compelling reasons for his release. He contends that he suffers from numerous medical conditions and ailments and that they are not being adequately treated by the Bureau of Prisons (BOP). *See* U.S.S.G. § 1B1.13(b)(1)(C), p.s. (2023). However, his arguments that the BOP is providing inadequate medical care are unsupported and conclusory and belied by the record. Indeed, the prison medical records that Crawford included with his motion demonstrate that he is being monitored and treated for his medical conditions in prison. Crawford fails to point to any specific denial of medical care or harm that he has suffered due to any purported deficiencies in the BOP's healthcare system. He has shown no abuse of discretion in the district court's determination that his medical conditions were not an extraordinary and compelling reason meriting compassionate release. *See Chambliss*, 948 F.3d at 693.

Crawford additionally contends that, due to his age and several ailments, he is at an increased risk of contracting severe COVID-19, and that the BOP is not adequately curtailing or mitigating that risk. *See* § 1B1.13(b)(1)(D), p.s. However, Crawford has not served "the lion's share of" his sentence. *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Moreover, he is not automatically entitled to compassionate release because he fears that he may again contract COVID-19. *See id.* at 435. His apprehensions about COVID-19 are especially unpersuasive where, as here, the record reflects that he is receiving ongoing care for his medical conditions and there is no evidence of an outbreak at his facility that is not being "adequately mitigated in a timely manner." § 1B1.13(b)(1)(D)(iii), p.s.; *see United States v. Rodriguez*, 27 F.4th 1097, 1100-01 (5th Cir. 2022); *Thompson*, 984 F.3d at 433-355. Thus, he has shown no abuse of discretion in the district court's finding that his risk of contracting severe COVID-19 was not an

extraordinary and compelling reason meriting compassionate release. *See Chambliss*, 948 F.3d at 693.

Finally, Crawford argues that his wife suffers from various medical conditions and that she is "unable to perform the duties that [are] required to maintain her business." However, because he has shown no error in the district court's finding that he failed to demonstrate that his wife is incapacitated and that he is her only available caregiver, *see* § 1B1.13(b)(3)(B), p.s., he has shown no abuse of discretion in the district court's decision that his wife's medical conditions do not constitute extraordinary and compelling circumstances. *See Chambliss*, 948 F.3d at 693.

Because Crawford has not shown that the district court abused its discretion in denying his motion on the basis that he did not present extraordinary and compelling reasons, we need not reach his arguments as to the district court's consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

Accordingly, the decision of the district court is AFFIRMED.