# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2022

Lyle W. Cayce
Clerk

No. 21-50859

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYLAR BAKER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-19

Before GRAVES, WILLETT, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Tylar Baker pleaded guilty to possession with intent to distribute five grams or more of methamphetamine and was sentenced to a term of 87 months' confinement. After serving less than two thirds of his prison term, Baker filed a motion under 18 U.S.C. § 3582(c)(1)(a) ("compassionate release motion") for a sentence reduction.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

The court reviews a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotations and citation omitted).

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the district court denied the motion. Appellant argues that because the district court considered "applicable policy statements issued by the Sentencing Commission" when denying the compassionate release motion, the decision runs afoul of the court's holding in *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). In *Shkambi*, the court held that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." 993 F.3d at 393. Instead "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.*

Here, the district court recognized Appellant's filing as a compassionate release motion, acknowledged the § 3553(a) factors, and used its discretion to deny the motion. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The "commentary to the [Sentencing Commission guidelines] informs our analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (internal quotations and citations omitted), *cert. denied*, 141 S. Ct. 2688 (2021). The district court is permitted to consider policy statements and guidelines by the Sentencing Commission when deciding a compassionate release motion. *Id.* Nothing in the district court's decision suggests that it treated any policy statement as binding.

No. 21-50859

The district court considered the § 3553(a) factors when denying the compassionate release motion filed under 18 U.S.C. § 3582(c)(1)(a). The district court did not abuse its discretion by referencing the Sentencing Commission policy statements. Accordingly, we AFFIRM. Appellant's motion to appoint counsel is DENIED.