# United States Court of Appeals for the Fifth Circuit

No. 21-40465
CONSOLIDATED WITH
No. 21-40466
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 21, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIEANN GUTIERREZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-1002-9
USDC No. 2:13-CR-617-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Julieann Gutierrez, federal prisoner # 31776-379, appeals the denial of her motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On appeal, she contends that the district court abused its

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-40465
c/w No. 21-40466

discretion in denying her motions because (1) it treated the pertinent policy statement as binding; (2) it did not consider whether the combination of her health conditions, the COVID-19 pandemic, her family circumstances, and her rehabilitation constituted an extraordinary and compelling reason for a sentence reduction; and (3) it based its decision in part on the erroneous conclusion that her previous recovery from COVID-19 weighed against compassionate release, without acknowledging the cases she cited in which district courts granted compassionate release under such circumstances.

This court reviews a district court's denial of a motion for compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

The district court correctly quoted and relied on § 3582(c)(1)(A) when considering whether Gutierrez identified extraordinary or compelling reasons for a sentence reduction. It does not appear that the district court relied on § 1B1.13, p.s., or found it to be binding as the district court also quoted *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021), which held that the policy statement is not binding. Therefore, Gutierrez has not shown that the district court treated § 1B1.13, p.s., as binding. *See id.* at 393.

The district court implicitly considered all the factors that Gutierrez argued weighed in favor of her compassionate release, including the COVID-19 pandemic, her medical conditions, her family circumstances, and her rehabilitative efforts, but ultimately determined that her motion should be denied. The court was not required to expressly address each argument in ruling on her § 3582(c) motion. *See United States v. Evans*, 587 F.3d 667, 673

2

No. 21-40465
c/w No. 21-40466

(5th Cir. 2009). Gutierrez has not shown that the district court made "an error of law or a clearly erroneous assessment of the evidence" because it did not expressly state that it considered the combination of factors on which she relied. *See Chambliss*, 948 F.3d at 694.

Because both Gutierrez and the Government presented contentions regarding the sentencing factors, the record reflects that the district court implicitly considered the § 3553(a) factors. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967-68 (2018). Gutierrez's disagreement with how the district court balanced the § 3553(a) factors is not a basis for determining that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693. Moreover, because the district court appropriately denied Gutierrez's motion under § 3553(a), any other error the court may have made in considering her recovery from COVID-19 is not grounds for reversal. *See id.*; *see also Thompson*, 984 F.3d at 433-34.

AFFIRMED.