# United States Court of Appeals
# for the Fifth Circuit

No. 22-40164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Zack Zembliest Smith, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CR-68-1

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Zack Zembliest Smith, III, federal prisoner # 04838-078, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Smith also moves this court for leave to amend his motion for compassionate release. His motion for leave to amend is DENIED, and we do not consider

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

any grounds for compassionate release in the proposed amended complaint that are raised for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994).

To proceed IFP on appeal, Smith must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An issue is nonfrivolous if it is arguable on its merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Here, the district court found that Smith had not shown extraordinary and compelling reasons justifying a reduction in his sentence and that the 18 U.S.C. § 3553(a) factors did not support his release. We conclude that Smith has failed to identify a nonfrivolous basis for challenging the district court's determination that the § 3553(a) factors did not support his release. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

Therefore, we DISMISS Smith's appeal as frivolous and DENY the motion to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.