# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50796
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Zuniga Hernandes,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-411-1

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:*

Carlos Zuniga Hernandes, federal prisoner #82559-180, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. We will not consider his contention, raised for the first time on appeal, that his substantial assistance to Mexican authorities supports his request. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50796

Renewing claims raised in the district court, Zuniga Hernandes posits that a reduction is in order because the Covid-19 pandemic has increased the severity of his sentence, that a reduction is needed to correct a sentencing disparity, and that his rehabilitative efforts support his request for a reduction. He asserts that these factors should be considered in tandem.

Zuniga Hernandes's contention that the district court erred by failing to consider his claims as to sentencing disparity and rehabilitative efforts fails; those arguments were before the district court, and we conclude that the district court considered them. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). To the extent that Zuniga Hernandes asserts that the district court erred by failing to address his notion regarding the effect of the pandemic, we do not consider that theory, as it is raised for the first time in his reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360–61 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

As for the district court's analysis under the 18 U.S.C. § 3353(a) factors, Zuniga Hernandez contends that the court placed too much weight on his pre-sentencing conduct, while failing to give enough weight to his post-sentencing behavior, principally his rehabilitative efforts and other positive developments during his incarceration. These averments amount to nothing more than a disagreement with the district court's balancing of the § 3553(a) factors, which does not warrant reversal of the denial of compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Zuniga Hernandez fails to show an abuse of discretion as to the denial based on the § 3353(a) factors. *See id.* at 693. In view of the foregoing, we do not reach his theories pertaining to the district court's determination that he failed to show extraordinary and compelling reasons warranting a reduction. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. AFFIRMED.