# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 23-50052
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Thomason Smith,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-39-1

―――――――――――――――――――――

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Daniel Thomason Smith, federal prisoner # 29163-380, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Smith's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Smith does not address, and has therefore waived any challenge to, the denial of any of the claims raised in the § 3582(c)(1)(A)(i) motion at issue, including his request for compassionate release based upon Covid-19 and his alleged health conditions. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed). Instead, he raises a series of arguments which were not mentioned in his § 3582(c)(1)(A)(i) motion and which we will not consider. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). To the extent that Smith intends to challenge the denials of his subsequently filed motions for exception and judicial notice, we lack jurisdiction to consider his arguments because he did not separately file notices of appeal from the denials of those motions. *See* Fed. R. App. P. 3(a)(1).

As he has not shown that his appeal involves a nonfrivolous issue, Smith's motions to proceed IFP and for appointment of counsel are DENIED, and his appeal is DISMISSED in part as frivolous and in part for lack of jurisdiction. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2; Rule 3(a)(1).