# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10599
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ryan Keith Fields,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-127-1

———————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ryan Keith Fields, federal prisoner # 27957-177, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Fields contends that non-retroactive changes to applicable laws and charging policies, coupled with his unusually long sentence, constitute an extraordinary and compelling reason for granting him

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

relief under U.S.S.G. § 1B1.13(b)(6), p.s.  Because he did not present a theory of relief based upon § 1B1.13(b)(5) in the district court, we need not address his contentions on appeal as to that issue.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *see also United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

We review the denial of a compassionate release motion for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).  Even assuming Fields has cited an extraordinary and compelling reason warranting compassionate release, he fails to show that the district court abused its discretion by denying relief based upon its consideration of the 18 U.S.C. § 3553(a) factors.  *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

The district court concluded that granting compassionate release would not reflect the needs for the sentence imposed to reflect the seriousness of Fields's offenses, promote respect for the law, provide just punishment, adequately deter future crimes, or protect the public from Fields's further crimes.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).  Although Fields asserts that the district court incorrectly weighed the § 3553(a) factors, his mere disagreement with the district court's analysis does not establish an abuse of discretion.  *See Chambliss*, 948 F.3d at 694.

AFFIRMED.